McFADDEN, Judge,
concurring specially.
I concur in all of the majority opinion except for the finding in Division 2 that Brown did not object to the detective’s testimony on the ground that it constituted inadmissible hearsay evidence of a prior consistent statement of the victim, and that he therefore waived the issue on appeal. I believe that Brown properly raised such an objection, that the trial court rejected it, and that the issue therefore was not waived. However, even if the trial court erred in overruling the objection, any error in admitting the testimony was harmless. I thus agree with the majority’s affirmance of the judgment of the trial court.
At trial, when the detective began to testify about the statement made by the victim concerning the sexual abuse allegations, defense counsel raised the following objection:
I’m going to object. I mean, I appreciate trying to get [the detective] up first, but [the victim] is going to testify, to my understanding. She can testify to all of this herself. At this point this is hearsay. I have agreed to a procedure whereby anything that [the victim] said can be used at a later time, if necessary, if it in fact becomes relevant. But at this point it is not. And I don’t really think this detective gets to describe everything that [the victim] says unless and until [her] credibility is placed into question. It may very well be. I have agreed if that happens to allow the interview of [the victim] to be placed into evidence. But I see no reason for [the detective] to be allowed to testify as to what [the victim] said. At this time[,] at the time of the interview [, the victim] was *434 16 and as such, she is not an exception by virtue of her being under the age of 16 when she was interviewed.
At that point, the prosecuting attorney argued that the victim’s credibility had been placed “in issue and prior consistent statements are admissible.” The trial court then overruled the objection.
In my view, Brown clearly objected on the ground that the victim’s credibility had not yet been placed in issue and thus the detective could not give hearsay testimony about her prior statements; and conversely, the state argued that the victim’s prior consistent statements were admissible because her credibility had been placed in issue. The issue therefore was raised and ruled on by the trial court. Moreover, the state has conceded in its brief that Brown objected to the detective’s testimony on this precise ground. Under these circumstances, I believe that the issue was not waived and we should “consider [the] enumeration of error on appeal to have been properly raised.” Neuman v. State, 297 Ga. 501, 503, n. 4 (773 SE2d 716) (2015).
Assuming, without deciding, that the trial court erred in allowing the detective to give hearsay testimony about the victim’s prior consistent statements, any such error was harmless.
[E]ven if a trial court erroneously admits a witness’s prior consistent statement that is hearsay, the error is reversible only if it appears likely that the hearsay contributed to the guilty verdict. In making this determination, we may not rely on the fact that [the victim] gave testimony at trial that was consistent with the prior statement that should not have been introduced, as the very nature of the error in admitting the prior consistent statement is that it is repetitive of that to which the witness has already testified.
Arnold v. State, 305 Ga. App. 45, 50 (3) (699 SE2d 77) (2010) (citations and punctuation omitted).
Here, the admission of the detective’s testimony about the victim’s statements was not reversible error because the state presented “unchallenged testimony[,] by witnesses other than [the victim,] conveying... the content of [her] prior statements].” Arnold, 305 Ga. App. at 50 (3). As Brown has acknowledged in his brief, a sexual assault nurse, two friends of the victim, and the victim’s foster mother all testified, without objection, about the victim’s prior consistent statements. “In light of this unchallenged cumulative evidence, we find that it is highly probable that any error did not contribute to the jury’s guilty verdict.” Kiser v. State, 327 Ga.App. 17, *435 22 (4) (755 SE2d 505) (2014) (citations and punctuation omitted). Because any error was harmless, although I disagree with the majority’s analysis in Division 2,1 concur in the judgment affirming the trial court.
Decided March 28, 2016.
Sharon L. Hopkins, for appellant.
Daniel J. Porter, District Attorney, Christopher M. Quinn, Courtney R. Spicer, Assistant District Attorneys, for appellee.